IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY DON WILLIAMS, (TDCJ-CID #502311) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-07-2231 |
| DR. JOHNSON, *et al.,* | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION

Jerry Don Williams, a Texas Department of Criminal Justice inmate, sued in July 2007, alleging civil rights violations resulting from a violation of his right to privacy. Williams, proceeding *pro se* and *in forma pauperis,* sues Dr. Johnson, a physician at the Wynne Unit; Dr. Adams, a physician at the Wynne Unit; and Ms. Bov, a medical administrator at the Estelle Unit. The threshold issue is whether Williams's claims are barred.

## I.     Plaintiff's Allegations

Williams alleges that Dr. Johnson, with the approval of Dr. Adams and Ms. Bov, installed an oral communication device in Williams's tooth, which has endangered his health and violated his rights to privacy and equal protection. At the Estelle Unit, Williams used the communication device to speak with a young woman named Nikki, and she told him that

his food was being poisoned. (*Id.* at 7).[1] Williams seeks $12,500 in compensatory damages and $12,500 in punitive damages.

## II.   Analysis

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Williams raised virtually identical claims against the same defendants in Civil Action No. 4:03-3059. In that case, Williams alleged that while he was incarcerated at the Wynne Unit from 1995 to 1997, Dr. Johnson placed an electronic monitor in his tooth and that Dr.

---

[1]Williams explains that he filed another lawsuit in the United States District Court for the Eastern District of Texas complaining that his hygiene items have been contaminated with sperm containing HIV and Hepatitis viruses.

Johnson acted with the approval of Dr. Adams, the Unit Medical Administrator. Williams also alleged that while he was incarcerated at the Estelle Unit from 2000 to 2001, Dr. Johnson performed the same procedure at the request of Jane Doe, the medical administrator. Williams also alleged that his food was being poisoned and that his hygiene items were contaminated with semen. On August 19, 2003, the court dismissed Williams's claims under 28 U.S.C. § 1915(e)(2)(B)(I) because the claims were fantastic and lacked an arguable basis in fact.

A suit may be dismissed as frivolous if it seeks to relitigate claims that have already been unsuccessfully litigated by the same plaintiff. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). A district court may dismiss as malicious a complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Williams filed the present case nearly four years after his earlier suit raising essentially the same claims, Civil Action Number 4:03cv3059, was dismissed. The present suit is dismissed because it is duplicative of the previously dismissed suit and because it lacks an arguable basis.

## IV.   Conclusion

The action filed by Jerry Don Williams (TDCJ-CID Inmate #502311) is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Williams's motion for the appointment of counsel, (Docket Entry No. 2), is denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to

Williams's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)    the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)    the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on July 17, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge